UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AUBREY DANYELL WHALEY,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ELLIOTT WELCH, et al.;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:25-CV-577-KAC-JEM |

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**

Defendants Brian Elliott Welch and Stan Koch and Sons Trucking, Inc. filed a Motion to Dismiss [Doc. 54] asking the Court to dismiss Plaintiff Aubrey Danyell Whaley's claims against them [*See* Doc. 54 at 1]. Because Plaintiff's claims against Defendants are time-barred, the Court grants the Motion to Dismiss [Doc. 54] and dismisses the action.

## I. Background

Plaintiff "is a resident and citizen of Texas" [*See* Doc. 1 at 1]. Defendant Welch "is a resident and citizen of Kentucky" [*Id.*]. And Defendant Stan Koch and Sons "is a Minnesota corporation with its principal offices located in Minnesota" [*Id.*]. At all times relevant to the claims at issue, Defendant Welch was allegedly "the agent, servant, and employee of" Defendant Stan Koch and Sons [*Id.* at 4].

On July 16, 2023, "Plaintiff was operating his tractor trailer" when a "tractor-trailer operated by" Defendant Welch "suddenly and violently rearended Plaintiff's tractor trailer" [*Id.* at 2]. "The collision occurred in Roane County, Tennessee" [*Id.*]. Roane County is within the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a).

On July 11, 2025, Plaintiff filed the instant action against Defendants in the United States District Court for the Northern District of Texas [*See* Doc. 1]. Plaintiff amended his Complaint as

a matter of right [*See* Doc. 12]. The operative First Amended Complaint raises negligence claims against Defendants and invokes "the Court's diversity jurisdiction" [*See* Doc. 12 at 1].

In the Northern District of Texas, Defendants moved to dismiss the First Amended Complaint or alternatively to "transfer this case to the United States District Court for the Eastern District of Tennessee, Northern Division, pursuant to 28 U.S.C. § 1406(a)" [*See* Doc. 26 at 1 (citing Doc. 20)]. A Northern District of Texas District Judge "conclude[d] that the Dallas Division of the Northern District of Texas [wa]s not the proper venue for this action" and "transferred" the action to this Court "pursuant to 28 U.S.C. § 1406(a)" [*See* Doc. 26 at 2].

Once before this Court, Defendants again moved to dismiss the First Amended Complaint [*See* Doc. 54]. Defendants argue that under Tennessee law, the negligence claims against them are time-barred [*See id.* at 1]. Plaintiff replied, arguing that he is entitled to tolling under Tennessee Code Annotated § 28-1-111 [*See* Doc. 55 at 2]. Alternatively, Plaintiff asks the Court to transfer the action to the United States District Court for the District of Minnesota under 28 U.S.C. § 1404(a) [*See id.* at 3]. Defendants replied [Doc. 56].

## II. <u>Analysis</u>

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility" if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court construes the First Amended Complaint in the light most favorable to Plaintiff, accepts all well-pled factual allegations as true, and draws all reasonable inferences in his favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016).

"Generally, a motion under Rule 12(b)(6)" "is an 'inappropriate vehicle' for dismissing a claim based upon statute of limitations." *See Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir.2012)). But "dismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *See id.* "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run, and if the defendant meets this requirement, then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id.* (cleaned up) (quoting *Campbell v. Grand Trunk W. R.R. Co.,* 238 F.3d 772, 775 (6th Cir.2001)); *see also Stockburger v. Ray*, 488 S.W.2d 378, 382 (Tenn. Ct. App. 1972).

Here, the Parties agree that Tennessee choice-of-law rules apply [*See* Docs. 54-1 at 3, 55 at 1]. *See also Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015) ("[I]f a case is transferred under 28 U.S.C. § 1406(a) because it was originally filed in the wrong venue, then the state law of the transferee district court applies."). No Party disputes that "the procedural law of the forum state," here Tennessee, "applies, including its statutes of limitations," *Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1375 (6th Cir. 1989) (citation omitted), [*see* Docs. 54-1 at 4 (citing *id.*), 55]. And the Parties agree that absent an exception, Tennessee's one-year statute of limitations for personal injury would apply to the negligence claims in this action [*See* Docs. 54-1 at 4, 55 at 1-2]. *See also* Tenn. Code Ann. § 28-3-104(a)(1).

The agreement ends there. Plaintiff believes that an exception applies—that he is entitled to equitable tolling under Tennessee Code Annotated § 28-1-111 [*See* Doc. 55 at 2]. Under his theory, he is entitled to equitable tolling because Defendant Welch "resides within the state of Kentucky and outside of the State of Tennessee" and "[f]ollowing the filing of his Complaint," Plaintiff was unsuccessful at attempts to serve Defendant Welch personally at two

addresses [*See* Doc. 55 at 2]. Curiously, Plaintiff makes no argument that this exception would also apply to save his claims against Defendant Stan Koch and Sons [*See* Doc. 55]. Nor does he explain how this exception would extend to those claims [*See id.*].

Tennessee law "prevent[s] a plaintiff from using the suspension statute [Section 28-1-111] to toll indefinitely the limitations period while disregarding valid available methods of serving a nonresident defendant." *Lam v. Smith*, 891 S.W.2d 207, 212 (Tenn. 1994). And Section 28-1-111 generally "does not apply against an out-of-state defendant in an automobile accident/personal injury lawsuit, because service of process can be effected on the non-resident driver through the Secretary of State using the nonresident motorist statute." *See Jones v. Johnson*, 244 S.W.3d 338, 342 (Tenn. Ct. App. 2007) (citing Tenn. Code Ann. § 20-2-203; *Carr v. Borchers,* 815 S.W.2d 528, 531 (Tenn. Ct. App. 1991)). Tennessee's nonresident motorist statute generally allows a party to serve a nonresident motorist directly through the Tennessee Secretary of State. *See* Tenn. Code Ann. §20-2-203.

Plaintiff bears the burden to show that this exception applies. *See Lutz*, 717 F.3d at 464; *Stockburger*, 488 S.W.2d at 382. On this point, he fails. As an initial matter, even on Plaintiff's own telling, he did not attempt to serve Defendant Welch until "after the filing of his Complaint" [*See* Doc. 55 at 2]. Plaintiff filed his initial complaint on July 11, 2025, more than a year after the relevant accident occurred and outside of Tennessee's one-year statute of limitations for the negligence claims [*See* Doc. 1]. So, Plaintiff identifies no efforts to serve Defendant Welch within the relevant statute of limitations. That alone is likely disqualifying. But even if it were not, Plaintiff fails to explain why he did not (or could not) effectuate service on Defendant Welch after July 2025 via Tennessee's nonresident motorist statute [*See* Doc. 55]. And Plaintiff identifies no barriers at all to serving Defendant Stan Koch and Sons at any time [*See id.*]. With no

demonstrable exception, Tennessee's one-year statute of limitations applies. And Plaintiff's claims are time-barred.

In a last-ditch effort, Plaintiff asks the Court to transfer this action to the United States District Court for the District of Minnesota under 28 U.S.C. § 1404(a) because he believes that "actions for personal injury may be commenced within six years" there [*See* Doc. 55 at 2]. But that would not solve the legal problem. When "a case is transferred for the convenience of the parties pursuant to 28 U.S.C. § 1404(a)," "the state law of the transferor court applies"—Tennessee. *See Newberry*, 789 F.3d at 640. So, Tennessee law would apply in the District of Minnesota too. And the result would be the same. Therefore, a transfer under Section 1404(a) would not be "in the interest of justice." *See* 28 U.S.C. § 1404(a).

**III. Conclusion**

For the reasons above, the Court **GRANTS** the Motion to Dismiss [Doc. 54] and **DISMISSES** this action [Doc. 12]. An appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge